Bullard, J.
The plaintiff sues for a female slave named Susan, in possession of the defendant. He sets up title under a sale from W. Finnall, by act befqre a notary dated the first day of May, 1841.
The defendant alleges, that he is the true and lawful owner of the said slave. That the sale set up and pretended by the plaintiff, is false, fraudulent and simulated; that the slave continued to remain in the corporal possession of Finnall, who continued to act as owner, until he sold and delivered her to the defendant 5 *435 that the sale to Merritt was a mere sham, and done in order to impose upon, and cheat and defraud the defendant, or any other person that Finnall might be able to sell the slave to ; and that the plaintiff was In collusion with him. '
The defendant gave in evidence, a sale of the slave by the same Finnall, bearing date August 1st, 1841. It is further shown, that the girl was delivered to the defendant, by the vendor, and that from the time of his previous sale to the plaintiff, which had been duly recorded in the office of the Register of Conveyances, she had not ceased to be in the possession of Finnall.
The court below gave judgment for the defendant, and the plaintiff has appealed.
His counsel has contended in this court, that his purchase of the slave was bona fide ; that the conveyance was registered, so as to give notice to the whole world ; that, living in the same house with the vendor, there was sufficient evidence of a delivery; and that when the plaintiff left the city for Virginia, the servant was left in charge of Finnall, as agent.
On the other side it is urged, that there is no evidence of a delivery ; that Finnall remained always in possession; that the plaintiff, it is true, was for a short time the bar-keeper of Finnall; but, that it does not appear how long, nor is it shown why, he left the servant in possession of Finnall, on his departure for Virginia ; and that in such cases the presumption is against the validity of the sale, and that it is simulated or fraudulent; and he relies upon the decision of this court in the case of Thibodeaux v. Thomasson et al. 17 La. 353.
The record discloses a circumstance which tends to throw suspicion over the transaction. On the 29th day of April, 1841, only two days before the sale to Merritt, Finnall executed a power of attorney before a notary public, by which he constituted one Gano of Cincinnati, his agent, with authority to emancipate the same slave, according to the laws of Ohio; and, on the 15th May, he procures a copy of the power of attorney, and has it duly certified by the Governor, under the seal of the State.
The fact that the thing sold continues to remain in the possesr sion of the vendor, is regarded as a badge of fraud, and throws *436 Upon the vendee the burden of proving the reality of the sale. Civ. Code, art. 2456.
This principle applies even where the vendor has expressly reserved the usufruct, or remains in possession'by a precarious title.
In the present case, the vendee has not removed the presumption, by proving that the contract was for a valuable consideration ; but it is fortified by the fact, that he was in the employment of the vendor, and that when he left the State, the slave still continued in the possession of Finnall; and there is no evidence to show that she was hired to him.
We are not authorized to conclude that the Judge erred in deciding that the first sale was simulated.

Judgment affirmed.